IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL LAUBACK AND
EVERY INDIVIDUAL SIMILARLY
SITUATED                                                    PLAINTIFFS

        v.              Civil No. 07-5069

WASHINGTON REGIONAL MEDICAL CENTER
AND DIVERSIFIED CREDIT SERVICES, INC.                       DEFENDANTS

## ORDER

NOW on this 14th day of May 2007, comes on for consideration plaintiffs' **Petition to Remand Back to State Court** (document #5) and defendants' **Response in Opposition to Motion to Remand** (document #6).  The Court, having reviewed the pleadings of the parties, and all other matters of relevance before it, and being well and sufficiently advised, finds and orders as follows:

1.  The plaintiffs commenced this lawsuit in the Circuit Court of Washington County, Arkansas on March 20, 2007 against defendants, Washington Regional Medical Center and Diversified Credit Services, Inc.  In the complaint, plaintiffs seek to recover damages for defendants' alleged violations of the Arkansas Medicaid Program, specifically Arkansas Code §§ 20-77-104(a) and 20-77-105.

2.  On April 16, 2007, defendants removed the instant matter to this Court, asserting that plaintiffs' claims are subject to removal pursuant to 28 U.S.C. §§ 1331 and 1441, as there is federal question jurisdiction.  Specifically, defendants argue that federal question jurisdiction exists because plaintiffs' state law claims

implicate a substantial and disputed federal Medicaid issue that is appropriate for federal jurisdiction.

Plaintiffs now move this Court to remand the matter, alleging that there is no basis for federal jurisdiction – specifically contending that their claims raise state law issues under the Arkansas Medicaid Program and that there exists no issue of federal conflict or dispute.

3.   28 U.S.C. § 1441 provides that a case is removable from state court if it is one "of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a). In a case involving multiple causes of action, if one cause is removable, all may be removed.  28 U.S.C. § 1441(c).

If at any time after removal it becomes apparent that the district court lacks subject matter jurisdiction, the case must be remanded.  28 U.S.C. § 1447(c).  The party seeking removal or opposing remand has the burden of establishing federal jurisdiction, and all doubts on the issue are to be resolved in favor of remand.  See In re Business Men's Assurance Company of America, 992 F.2d 181, 182 (8th Cir. 1993).

4.   Where the asserted basis for removal is the existence of a federal question, the federal question must ordinarily be presented on the face of the complaint.  Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir. 2000).   "Generally, a plaintiff can avoid removal to federal court by alleging only state law claims."  Lundeen v. Canadian Pacific Ry. Co., 447 F.3d 606,

611 (8th Cir. 2006).

A federal defense will not support removal even if it is anticipated in the complaint, and even if it is the only real issue in the case.  Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 809 (1988).  A defendant "is not permitted to inject a federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law."  Gore, 210 F.3d at 949.

Further, according to the Supreme Court of the United States in Christianson v. Colt Industries Operating Corp.,

> it is not necessarily sufficient that a well-pleaded claim alleges a single theory under which resolution of a [federal]-law question is essential.  If 'on the face of a well-pleaded complaint there are . . . reasons completely unrelated to the provisions and purposes of federal law why the [plaintiff] may or may not be entitled to the relief it seeks,' then the claim does not 'arise under' those laws.  Thus, a claim supported by alternative theories in the complaint may not form the basis for [federal question] jurisdiction unless [federal] law is essential to each of those theories.

Christianson, 486 U.S. at 810 (1988).

5.  As set forth above, plaintiffs' complaint asserts state-law claims arising under the Arkansas Medicaid Program.  In their prayer for relief, the plaintiffs seek:

* Compensatory damages for any actual losses they sustained as a result of defendants' over billing of Arkansas Medicaid recipients in violation of contract and Arkansas state law;

* Punitive damages to deter defendants from continuing in

similar conduct;

* An injunction against defendants for over billing Arkansas Medicaid recipients with pending third-party insurance claims;

* A penalty on each individual plaintiff's damages for breach of contract;

* Prejudgment and post-judgment interest;

* An award of costs and attorney's fees incurred in bringing this suit; and

* All other relief to which plaintiffs may be entitled.

Plaintiffs' Complaint at 8-9.

6.  Defendants point to the following allegations which they say create substantial federal questions and provide a basis for federal jurisdiction:

* Plaintiffs' claim that the Arkansas Medicaid Program obligates defendant Washington Regional Medical Center to submit all bills for Medicaid-eligible individuals to the Arkansas Medicaid Program for payment; and

* Plaintiffs' claim that the Arkansas Medicaid Program requires defendants to bill no more than Medicaid allows for all persons who are eligible for Medicaid whether or not Medicaid actually pays the bill.

Defendants' Brief in Support of Response in Opposition to Motion to Remand at 1.

7.  Defendants dispute plaintiffs' construction of Arkansas law and say that it is more restrictive than is required by the

federal statutes and regulations which govern the federal Medicaid program.    Defendants   state   that   assuming,   *arguendo*,   that plaintiffs' interpretation of state law is correct, then Arkansas law conflicts with federal law on the same subject.   Therefore, according   to   defendants,   this   case   presents   the   following substantial federal issue:

> whether   a   state   Medicaid   plan,   and   the
> statutes enacted pursuant to that plan, may
> require Medicaid providers to uniformly seek
> Medicaid reimbursement for treatment provided
> to individuals with contingent third party
> liability   claims,   thereby   eliminating   the
> option   of   Medicaid   providers,   as   provided
> under federal law, to forgo Medicaid payments
> and seek payment out of the proceeds of the
> patient's tort action.

Defendants' Brief in Support of Response in Opposition to Motion to Remand at 3.

8.    In   support   of   their   claim   of   federal   jurisdiction, defendants note that the Supreme Court has held that federal jurisdiction exists over a state law claim if it necessarily implicates   a   federal   issue   that   is   actually   disputed   and substantial,   which   it   may   entertain   without   disturbing   a congressionally approved balance of federal and state judicial responsibilities.   Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 314 (2005).   Such cases "turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues."   Grable, 545 U.S. at 311.   In Grable, however, the plaintiff premised its state quiet

title claim on the IRS's alleged failure to give "adequate notice,"
as that term is defined by federal law.  Whether the plaintiff
received adequate notice was an essential element of the claim, and
the applicable federal statute's meaning of "adequate notice" was
disputed.  These facts are distinguishable from the instant case,
where plaintiffs' state law claims, as pled in the complaint, do
not arise under or otherwise directly implicate federal law.  While
defendants raise a federal issue that may, indeed, arise during the
litigation of this case, such issue would be raised in the context
of a <u>defense</u> to plaintiffs' state law claims – not in direct
relation to the cause of action itself.  As previously noted, a
case raising a federal defense does not, for that reason alone,
"arise under" federal law, even if the defense is anticipated in
the plaintiff's complaint and even if both parties admit that the
defense is the only question truly at issue in the case.
<u>Christianson</u>, 486 U.S. at 809.

        9.  The foregoing factors, coupled with the requirement that
all doubts concerning the existence of federal jurisdiction are to
be resolved in favor of remand, move the Court to conclude that it
lacks subject matter jurisdiction over this matter.  <u>See</u> <u>In re</u>
<u>Business Men's Assurance</u>, 992 F.2d at 182.

**IT IS, THEREFORE, ORDERED** that plaintiffs' Motion to Remand is **granted** and the Clerk of the Court is directed to remand this matter to the Circuit Court of Washington County, Arkansas, Civil Division.

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**